UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff,<br>v.<br>JOSE MANUEL AYALA-VENTURA,<br>      Defendant. | Case No.: 15-cr-00134-JAH<br><br>**ORDER DENYING MOTION PURSUANT TO 28 U.S.C. §2255 [DOC. NO. 114] AND MOTION TO REDUCE SENTENCE [DOC. NO. 123]** |

On May 25, 2017, Defendant Jose Manuel Ayala-Ventura ("Defendant"), an inmate proceeding *pro* se, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *Doc. No.* 114. Defendant asserts "numerous potential issues of ineffective assistance of counsel" relating to his eligibility for a retroactive sentence reduction under Amendment 782 of the United States Sentencing Guidelines. The Court set a briefing schedule. *See* Doc. No. 115. Defendant filed additional briefing (doc. nos. 117, 119) and the United States filed a Response in Opposition (doc. no. 121).

Defendant has since filed a separate Motion to Reduce Sentence pursuant to 18 U.S.C. §3582 (doc. no. 123) requesting the same relief as his earlier motion to vacate, set aside, or correct his sentence - that the Court retroactively apply Amendment 782 to reduce the sentence imposed by this Court on September 8, 2015. For the following reasons, Defendant's motions are **DENIED**.

1

Title 18 U.S.C. § 3582(c)(2) provides that a federal court may modify a term of imprisonment if a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Amendment 782, which modified U.S.S.G. § 2D1.1 to lower the sentencing range applicable to certain categories of drug-related offenses by reducing the offense levels for drug and chemical quantities, became effective on November 1, 2014. The Sentencing Commission also adopted Amendment 788, effective November 1, 2014, which authorized retroactive application of Amendment 782 to defendants sentenced *before* its effective date.

Defendant was arrested on December 21, 2014. On September 8, 2015, this Court sentenced Defendant to a 100 month term of imprisonment on Count 1 for Importation of Methamphetamine in violation of 21 U.S.C. §§ 952 and 960, a Class C felony. Defendant was both arrested and sentenced *after* the effective date of Amendment 782, [*see* doc. nos. 1, 90, 92]. Defendant was therefore properly sentenced under the November 1, 2014 guidelines in accordance with Amendment 782, rendering any retroactive application needless. The Court finds that Defendant's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Dillon*, 560 U.S. at 819 (quoting 18 U.S.C. § 3582(c)). Accordingly, Defendant is not entitled to relief under 18 U.S.C. § 3582 or 28 U.S.C. § 2255.

The motions are **DENIED**.

**IT IS SO ORDERED**.

DATED: October 4, 2018

_____
HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

2

15-cr-00134-JAH